STATE of Maine

v.

Paul LIBBY.

STATE of Maine

v.

Warren COOPER.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1984.

Decided Dec. 12, 1984.

David W. Crook, Dist. Atty., Alan P. Kelley, (orally), Deputy Dist. Atty., Augusta, for plaintiff.

Rowe & Sanders, David Sanders (orally), Livermore Falls, for Paul Libby.

Nale & Nale Law Offices, Thomas J. Nale (orally), Waterville, for Warren Cooper.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

This is a consolidated appeal from the judgments of conviction of the defendants, Paul Libby and Warren Cooper, following their joint jury trial in the Superior Court, Kennebec County. Libby appeals from his convictions on the charges of simple assault, 17–A M.R.S.A. § 207 (1983), and failure to stop for a police officer, 29 M.R.S.A. § 2501–A(2) (1984). Cooper appeals from his convictions of aggravated assault, 17–A M.R.S.A. § 208 (1983), and obstructing government administration, 17–A M.R.S.A. § 751 (1983). We affirm the judgments.

### I.

The charges against Cooper and Libby arose out of an incident in South China on May 18, 1983. State Trooper Craig Poulin was accompanied on patrol that evening by Gary Sidelinger, a former constable for the town of Chelsea who often rode with Poulin. Poulin stopped the pickup truck in which the defendants were traveling, due to its apparent lack of a muffler. An altercation ensued during which both Libby and Sidelinger sustained injuries.

Cooper and Libby were tried on a joint indictment. After Gary Sidelinger testified for the state on the second day of trial, a member of the jury spoke to the presiding justice in his chambers. The juror informed the court that once Sidelinger took the stand, she recognized him as a regular patron of the restaurant where she worked part-time as a waitress. She didn't know Sidelinger's name and had failed to recognize either his name or a photograph of him during jury selection. The juror's only connection to the witness was within the scope of her job at the restaurant. Their relationship consisted of talking and joking, with Sidelinger sometimes commenting on the juror's appearance. Upon the court's inquiry, the juror stated that she had never discussed the case with Sidelinger and that her acquaintance with him would not influence her consideration of his testimony.

The presiding justice apprised trial counsel of his conversation with the juror. At Cooper's request, the court again talked to the juror and asked her whether she had mentioned her recognition of Sidelinger to anyone. She replied that she had said something about it to two women on the jury. The court thereupon interviewed the two other jurors to determine the extent of the conversation. The defendants made no objection to these two jurors.[1]

The defendants sought to prove at trial that Sidelinger's testimony was false and that he had participated in a brutal attack on Libby and Cooper. Based on this contention, both defendants expressed concern about the ability of the juror to be neutral toward this witness and requested the court to disqualify the juror. Paul Libby was willing to proceed with eleven jurors, as was the prosecution, but objected to a mistrial.[2] Warren Cooper, however, object-

---

1. The court made transcripts of the juror interviews available to all parties.

2. The trial court had already dismissed one juror for cause, and no alternate jurors remained.

ed to trial with eleven jurors and requested a mistrial.

Notwithstanding the objections of the defendants, the court refused to disqualify the juror. The court found the juror was intelligent, forthright, and honest; that her relationship with Sidelinger was exceedingly tenuous and would have no effect on her; and that there was no significant, rational basis on which to find she could not be a fair and impartial juror. Both defendants appeal from the decision of the Superior Court to retain the juror. Cooper appeals from the denial of a mistrial. Libby claims the denial of his request to proceed with a jury of eleven was prejudicial error.

## II.

Trial by jury is perhaps the most precious of safeguards afforded by Anglo-American law for the preservation of individual liberty and human dignity. *Irvin v. Dowd,* 366 U.S. 717, 721, 81 S.Ct. 1639, 1641, 6 L.Ed.2d 751 (1961). The essence of our trial system is the guarantee of a fair trial by a disinterested jury, each member of which is free from bias and prejudice. *International Agricultural Corp. v. Willette,* 120 Me. 423, 425–26, 115 A. 170, 171 (1921); *see* Me. Const. art. I, § 6. To ensure this constitutional right, the Maine Legislature enacted 15 M.R.S.A. § 1259, which provides for challenges for cause of any juror whose indifference a party questions.[3]

The defendants contend that the current and familiar relationship between the juror and the witness in the context of her work as a waitress made it impossible for her to consider the witness's testimony with indif-ference. The defendants further maintain that the financial importance of the juror's relationship with Sidelinger and its continuing nature presented evidence of potential bias on the part of the juror. In *Bennett v. State,* this court noted that business relations can be the basis for bias or prejudice sufficient to disqualify a juror. 161 Me. 489, 495, 214 A.2d 667, 671 (1965).

The impartiality of a juror is not a technical concept, however, but a state of mind for which there is no "ancient and artificial" test. *Irvin v. Dowd,* 366 U.S. 717, 724–25, 81 S.Ct. 1639, 1643–44, 6 L.Ed.2d 751 (1961) (quoting *United States v. Wood,* 299 U.S. 123, 145–46, 57 S.Ct. 177, 185, 81 L.Ed. 78 (1936)). The determination of the presiding justice that the juror remained impartial will stand unless it is clear to this court that no competent evidence supports that decision. *See Lewisohn v. State,* 433 A.2d 351, 354 (Me.1981). In our review of a cold transcript, we must give due regard to the unique opportunity of the trial court to observe the demeanor of the juror. *Id.* at 355.

The presiding justice examined the juror twice, to ascertain the nature and extent of her acquaintance with Sidelinger and to discern whether she had discussed the witness with any other members of the jury. All the court was required to find was the juror's ability to set aside whatever impressions or opinions she had of the witness and to participate in reaching a verdict based on the evidence and the law. *Id.* at 355. The juror assured the court that her acquaintance with Sidelinger would not influence or affect her in any way. Although a juror's claim of indiffer-

3. 15 M.R.S.A. § 1259 (1980). The statute provides in pertinent part: "Challenges for cause shall be allowed to the prosecuting officer and the accused as in civil cases ...." *Id.* The corresponding provision for civil proceedings designates the grounds for challenges for cause. 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 24.3 at 182 (1967). The statute provides:

The court, on motion of either party in an action, may examine, on oath, any person called as a juror therein, whether he is related to either party, has given or formed an opinion or is sensible of any bias, prejudice or particular interest in the cause. If it appears from his answers or from any competent evidence that he does not stand indifferent in the cause, another juror shall be called and placed in his stead.

14 M.R.S.A. § 1259 (1980).

ence is but one consideration, we find the determination of the juror's forthrightness and impartiality to be supported by competent evidence. The defendants fail to carry their burden of demonstrating the clear error of the decision denying disqualification of the juror. *See State v. Chattley,* 390 A.2d 472, 478 (Me.1978).

### III.

■ Cooper maintains that the denial of a mistrial based on the partiality of the juror was an abuse of judicial discretion. A motion for mistrial is a matter within the sound discretion of the trial court. *Poulin v. Colby College,* 402 A.2d 846, 853 (Me. 1979). A mistrial should be granted only when the totality of the circumstances manifest an urgent and imperious need in the furtherance of justice. *State v. Lindsey,* 400 A.2d 368, 370 (Me.1979) (quoting *State v. Gagne,* 349 A.2d 193, 198 (Me. 1975)).

■ We note initially that this is not a case of nondisclosure where during voir dire a juror intentionally concealed her familiarity with an important witness. Not knowing Sidelinger's name, the juror innocently failed to recognize it when it was read to her. In the photograph she viewed, the witness's face was injured, masking his identity. A new trial is not necessarily required when a juror innocently withholds information upon which counsel might have founded a challenge under M.R.Crim.P. 24(c)(3). *See Eckenrode v. Heritage Management Corporation,* 480 A.2d 759, 764–65 (Me.1984). If the juror's nondisclosure prejudiced the party seeking a new trial by keeping him in ignorance of a probable, not speculative bias, it is within the broad discretion of the trial court to order a mistrial. *Id.* at 765.

■ We find no abuse of discretion in the trial court's denial of a mistrial. On this record, the court could have concluded only through speculation that the juror held a probable bias favoring Sidelinger's testimony.

### IV.

■ Libby contends the trial court abused its discretion by failing to approve trial before eleven jurors. Rule 23(b) of the Maine Rules of Criminal Procedure provides that "at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than twelve." M.R.Crim.P. 23(b). Rule 23(b) is the same as the first sentence of the corresponding federal rule. M.R.Crim.P. 23 reporter's notes. The federal courts generally have treated the written stipulation requirement liberally. 8A J. Moore, *Moore's Federal Practice* § 23.04[2], at 23–26 to 23–27 (2d ed. 1965). Not only was there no written agreement to proceed with eleven jurors in this case, but the parties never reached a consensus to that effect. We find there was no error in the Superior Court's denial of trial before eleven jurors.

The entry is:

Judgment affirmed.

All concurring.