Janet JOHNSON et al.

v.

Leon GERRISH et al.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1986.
Decided Dec. 10, 1986.

■■■■■■

Kelly, Remmel & Zimmerman, Leland N. Chisholm, (orally), Portland, for plaintiff.

Friedman & Babcock, Gregory Powell, (orally), Portland, for Gerrish.

Hunt, Thompson & Bowie, James M. Bowie, (orally), Portland, for Haverty.

Preti, Flaherty & Beliveau, Francis Toto, Christopher Nyhan, (orally), Portland, for Westbrook Community Hospital.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

McKUSICK, Chief Justice.

In this action plaintiff Janet Johnson[1] seeks to recover damages for the acute psychotic breakdown that she suffered allegedly as a result of hypnotic treatment given her by defendant Leon Gerrish, a fellow employee at Westbrook Community Hospital. The Superior Court (Cumberland County) entered judgment in favor of the defendants, Leon Gerrish, Carolina Haverty, M.D. (Gerrish's immediate supervisor), and the hospital, in accordance with the jury's finding that Mrs. Johnson's comparative fault exceeded the combined fault of the defendants. On appeal plaintiffs contend that the trial justice erred in instructing the jury on the standard of care applicable to defendant Gerrish. We disagree, and affirm the judgment of the Superior Court.

## I.

Mrs. Johnson, a highly trained registered nurse and director of nursing at Westbrook Community Hospital, sought help to stop smoking from Leon Gerrish, a licensed practical nurse employed in the substance abuse program at the hospital. In doing so, Mrs. Johnson failed to follow hospital protocol for employees seeking treatment. Specifically, Mrs. Johnson failed to obtain permission from Dr. Haverty prior to receiving treatment from Gerrish and she failed to pay for the services rendered by Gerrish. Mrs. Johnson and Gerrish were social friends or acquaintances. In spite of the fact that she knew Gerrish was not permitted to diagnose patients or to administer treatment to patients without consulting Dr. Haverty, Mrs. Johnson insisted that Gerrish keep their visits secret from Dr. Haverty and the hospital. Beginning on October 13 or 14, 1980, Gerrish allegedly hypnotized and used so-called age regression on Mrs. Johnson in a series of counseling sessions to determine the sources of anxieties preventing her from quitting smoking. After several sessions, Mrs. Johnson developed a severe mental illness, which required a two-week hospitalization beginning October 24, 1980, and has resulted in permanent disability.

Plaintiffs' expert witness at trial, Dr. Martin T. Orne, testified that hypnosis and age regression are extremely powerful psychological tools that should be used according to a standard of care applicable to anyone using those techniques. He further testified that the standard of care for hypnotic age regression requires the application of certain safeguards Gerrish had not used. Defendants' expert, Dr. Patrick Kamm, doubted whether Gerrish had hypnotized Johnson or had in fact used age regression. He also disputed Dr. Orne's testimony that hypnosis can be dangerous.

## II.

■■■ Relative to the standard of care applicable to defendant Gerrish, the Superi-

1. Janet Johnson's husband, Lynn Johnson, joins her as a co-plaintiff.

or Court instructed the jury in pertinent part, as follows:

> Negligence is the failure to use reasonable care, and reasonable care is that degree of care which a reasonably careful person would use under like circumstances
>
> . . . .
>
> Like circumstances in the claim against Mr. Gerrish means the circumstances in which Mr. Gerrish found himself throughout his involvement with Mrs. Johnson.
>
> If you find that Mr. Gerrish held himself out as *possessing certain expertise* in counseling Mrs. Johnson, then Mr. Gerrish is required to exercise the degree of skill and knowledge and care ordinarily expected from someone claiming that particular expertise.

(Emphasis added) Plaintiffs first assign as error the Superior Court's denial of their request at trial to substitute in the last quoted sentence the word "hypnotherapist" for one "possessing certain expertise." The court did not err in declining to use the term "hypnotherapist." The phrase "in counseling Mrs. Johnson" that followed the word "expertise" was merely a compendious way of identifying Gerrish's sessions with Mrs. Johnson, and not a description of an area of expertise different from hypnotherapy. Gerrish had repeatedly testified to his "counseling" patients at the hospital with the use of relaxation techniques or hypnosis. The instruction given encompasses the requested instruction; therefore, plaintiffs' objection addresses the wording of the instruction and not its

statement of the law. If instructions are otherwise adequate, a party has no right to have his personal formulation read. *Michaud v. Steckino*, 390 A.2d 524, 534 (Me. 1978).

> "A judge ... is bound to give instructions in law which are applicable to the evidence in the case; but he is not bound to give them in the language used by the counsel making the request...."

*Isaacson v. Husson College*, 332 A.2d 757, 762 (Me.1975) (quoting *State v. Knight*, 43 Me. 11, 141 (1857)).

■ For the first time on appeal, plaintiffs also argue that the instruction charging the jury to apply the standard of care "ordinarily expected from someone claiming that particular expertise" that Gerrish "held himself out as possessing" referred to the ordinary man standard of care and did not allow the jury to consider expert testimony in evaluating Gerrish's conduct. That argument is without merit. The court's instruction plainly did invite the jury to consider Gerrish's conduct in light of the testimony of Dr. Orne and the other experts at trial, if the jury concluded that Gerrish had held himself out as a hypnotherapist. Indeed, the jury was unlikely to have any personal or other experience with hypnosis with which to form an alternative basis for evaluating Gerrish's conduct.

■ Plaintiffs next argue that the Superior Court erred by refusing to give two requested instructions based on Maine's medical licensing statute, 32 M.R.S.A. § 3270 (1978).[2] One of those requests

**2.** 32 M.R.S.A. § 3270 (1978) provides in pertinent part:

> Unless duly registered and licensed by said board, no person shall practice medicine or surgery or any branch thereof, or hold himself out to practice medicine or surgery or any branch thereof within the State by diagnosing, relieving in any degree or curing, or professing or attempting to diagnose, relieve or cure any human disease, ailment, defect or complaint, whether physical or mental, or of physical and mental origin, by attendance or by advice, or by prescribing or furnishing any drug, medicine, appliance, manipulation,

> method or any therapeutic agent whatsoever or in any other manner unless otherwise provided by statutes of this State. Any person licensed under chapter 36 may prefix the title "Doctor" or the letters "Dr." to his name....
>
> Whoever, not being duly registered by said board, practices medicine or surgery or any branch thereof, or holds himself out to practice medicine or surgery or any branch thereof in any of the ways aforesaid, or who uses the title "Doctor" or the letters "Dr." or the letters "M.D." in connection with his name, contrary to this section, shall be punished by a fine of not less than $100 nor more than

would have charged the jury that, if it found Gerrish was engaged in the unlawful practice of medicine as defined by section 3270, that violation of law was evidence of negligence. The other request would have charged the jury that if it found Gerrish to be practicing medicine as defined by section 3270, he was required to exercise that degree of skill and care that is ordinarily used by licensed physicians. The Superior Court correctly refused to give these requested instructions because they were not supported by the facts.

A party is not entitled to have a requested instruction given, even if it states the law correctly, unless it appears that it is supported by facts, that it is not misleading, that it is not already covered by the charge, and that the refusal to give it would be prejudicial. *Towle v. Aube,* 310 A.2d 259, 266 (Me.1973) (emphasis omitted). According to Dr. Orne's testimony the standard of care applicable to Gerrish does not depend on whether he was practicing medicine. Dr. Orne testified that the standard of care for hypnotists is the same regardless of professional status; that hypnosis is not peculiar to the practice of medicine, nursing, or any other licensed specialty. Because the evidence at trial showed that the jury's evaluation of Gerrish's conduct should be no different whether or not Gerrish was practicing medicine, the requested instructions could have added nothing to the jury's analysis and might have confused or misled the jury. Furthermore, the evidence at trial did not show that Gerrish ever claimed to be a doctor or that he ever established a doctor-patient relationship with Mrs. Johnson. The court need not instruct the jury upon matters not presented by the evidence. *Stanley v. Schiavi Mobile Homes, Inc.,* 462 A.2d 1144, 1150 (Me. 1983).

Finally, plaintiffs argue to us that Gerrish's status as a licensed practical nurse and substance abuse counselor required him to satisfy a higher than ordinary standard of care, regardless of the standard required of hypnotherapists. Even if true, this argument could not persuade us to find that the Superior Court erred by failing to instruct the jury on that standard. Plaintiffs failed below to request an instruction holding Gerrish to the standards required of licensed practical nurses, preferring to assert that Gerrish practiced medicine and was therefore to be held to the standards applied to a medical practitioner. In general, a party raising an issue for the first time on appeal will be denied appellate review of that issue. *Graybar Electric Co. v. Sawyer,* 485 A.2d 1384, 1388 (Me.1985). Failure to request a jury instruction at trial limits appellate review to whether the alleged error deprived appellant of a fair trial. *Eckenrode v. Heritage Management Corp.,* 480 A.2d 759, 763 (Me.1984); *State v. True,* 438 A.2d 460, 469 (Me.1981); see M.R.Civ.P. 51(b). The instructions as a whole adequately set forth the applicable standard of care for the jury's guidance. Even if plaintiffs had requested an instruction holding Gerrish to the standards of care required of licensed practical nurses and substance abuse counselors, the court could not properly instruct the jury to use these standards because the court heard no testimony defining what special standards, if any, apply to such individuals. Unlike our recent case of *Rowe v. Bennett,* 514 A.2d 802 (Me.1986), in which the record contained expert evidence of the "standards of practice applicable to [defendant social worker and] similar professionals engaged in counseling and psychotherapy" (*id.* at 804), the Superior Court in the case at bar had no basis in the evidence upon which to instruct the jury that Gerrish's status required them to impose a higher than ordinary standard of care.

Since the Superior Court committed no reversible error in instructing the jury, plaintiffs fail to establish any reason for us to disturb the jury's finding that Mrs.

$500 for each offense, or by imprisonment for 3 months, or by both.

Johnson was more at fault than Gerrish and his co-defendant. The entry is:

Judgment affirmed.

All concurring.