**STATE of Maine,**

v.

**William NICKERSON.**

Supreme Judicial Court of Maine.

Argued Aug. 31, 1987.

Decided Jan. 5, 1988.

---

R. Christopher Almy, Dist. Atty., Philip Worden, Asst. Dist. Atty. (orally), Bangor, for the State.

Martha J. Harris (orally), John D. Bunker, Paint, Lynch & Harris, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant William Nickerson appeals from his conviction in Superior Court (Pe-

nobscot County) for unlawful sexual contact. On appeal he argues that the Superior Court erroneously denied his request for a jury instruction distinguishing sexual contact from a sexual act. We agree that the court erred and we vacate the conviction.

The facts may be briefly summarized as follows: On August 25, 1985, the complainant, then age 11, was babysitting in the defendant's home. The defendant, then age 28, was at home asleep. The complainant testified that she went into the defendant's bedroom to retrieve a blanket. The defendant awoke and the complainant took a seat upon the bed. Shortly thereafter, the complainant testified, the defendant removed the complainant's pants and underwear, moved atop of her and rubbed his penis "back and forth between her legs." He told her, she said, not to worry about getting pregnant because he "had an operation." The defendant then took the complainant's hand and put it on his penis. Defendant denied any wrongdoing and testified that he was not at home on the evening in question. The jury found him guilty of engaging in unlawful sexual contact.

Defendant's appeal focuses primarily upon the trial court's denial of his proposed jury instruction distinguishing between an unlawful sexual contact and an unlawful sexual act. Defendant was indicted and convicted for unlawful sexual contact under 17–A M.R.S.A. § 255(1)(C) (1983 & Supp.1987).[1] "Sexual contact" is defined as "any touching of the genitals ..., directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing ... offensive physical contact." 17–A M.R.S.A. § 251(1)(D) (1983).

Because sexual contact involves a touching "other than as would constitute a sexual act," an indictment under section 255(1)(C) must be distinguished from an indictment for gross sexual misconduct under 17–A M.R.S.A. § 253(1)(B) (1983).[2] Gross sexual misconduct requires a sexual act, that section 251(1)(C)(1) defines as "any act between 2 persons involving ... direct physical contact between the genitals of one and the genitals of the other ... ." The two crimes—unlawful sexual contact and gross sexual misconduct—are separate and distinct offenses. Unlawful sexual contact is not a lesser included offense of a charge of gross sexual misconduct. *State v. Terrell*, 402 A.2d 483 (Me.1979). A person committing a sexual act does not necessarily engage in sexual contact. *Id. See also State v. Gagne*, 362 A.2d 166, 172 (Me.1976). The complainant in this case testified to incidents of both sexual contact —the forced touching of the penis [3]—and a sexual act—the rubbing of his penis between her legs. Defendant, however, was only charged with the crime of unlawful sexual contact.

To distinguish between the charged and uncharged crime, defendant proposed that the jury be instructed that "direct physical contact between the genitals of two persons is not unlawful sexual contact." The trial court rejected this proposal and instructed, in pertinent part, that "sexual contact means any touching of the genitals directly or through clothing for the purpose of arousing or gratifying sexual desire." Defendant urges that this instruction, omitting not only defendant's proposal but also failing to exclude any contact involved in a sexual act, constitutes reversible error. We agree.

A trial court must instruct the jury on the fundamental principles of law control-

---

1. That section provides that
    1. A person is guilty of unlawful sexual contact if he intentionally subjects another person to any sexual contact, and:

    .    .    .    .    .

    The other person, not his spouse, has not in fact attained his 14th birthday and the actor is at least 3 years older ... .

2. Section 253(1)(B) provides that:

A person is guilty of gross sexual misconduct
    1. If he engages in a sexual act with another person; and
    B. The other person, not his spouse, has not in fact attained his 14th birthday; ... .

3. *See State v. Merryfield*, 478 A.2d 1131 (Me. 1984); *State v. Finson*, 447 A.2d 788 (Me.1982).

ling the case. *Johnson v. Gerrish,* 518 A.2d 721, 723 (Me.1986); *State v. Bahre,* 456 A.2d 860, 866 (Me.1983). The distinction between sexual contact and a sexual act is fundamental to a case involving a charge of unlawful sexual contact, particularly when the evidence suggests that both sexual contact and a sexual act may have occurred. Defendant was entitled to an instruction that would prevent the jury from using evidence of a sexual act to establish sexual contact.

The State argues, to no avail, that the error is harmless. We have previously ruled that a failure to properly instruct the jury on each of the essential elements of the offense constitutes obvious error affecting substantial rights under M.R. Crim.P. 52(b). *State v. Walker,* 512 A.2d 354, 356 (Me.1986); *State v. Earley,* 454 A.2d 341, 343 (Me.1983). Logically, it follows that an identical error, preserved for appeal, may not be disregarded as harmless. The case before us presents the distinct possibility that defendant was convicted on the basis of evidence of a criminal offense other than the offense charged in the indictment. We are unable to conclude that it is highly probable that the error did not affect the judgment. *State v. True,* 438 A.2d 460, 467 (Me.1981).

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.