Paul and Phyllis HODGDON

v.

Edward and Ralph JONES.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1988.
Decided March 7, 1988.

William R. Stokes, Peter B. Bickerman (orally), Lipman & Katz, P.A., Augusta, for plaintiffs.

James D. Poliquin (orally), Norman, Hanson & Detroy, Portland, for Edward Jones.

Jeffrey T. Edwards, Elizabeth A. Oliver (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for Ralph Jones.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiffs, Paul and Phyllis Hodgdon, appeal from a judgment for the defendants, Edward and Ralph Jones, entered on a jury verdict in the Superior Court, Lincoln County, finding that the defendants were not liable for the personal injuries sustained by Paul Hodgdon and the consequent loss of consortium by Phyllis Hodgdon. On appeal the plaintiffs claim the Superior Court erred by its refusal to disqualify two veniremen, its exclusion of expert testimony, and its instructions to the jury. We affirm the judgment.

I

Paul Hodgdon was hired by Edward Jones to do electrical work in a house in Alna owned and being renovated by Edward Jones. Ralph Jones, a brother of Edward, was also hired by Edward Jones to work at an hourly wage as an assistant to the carpenters working on the house. At the time Paul Hodgdon commenced work at the house, Ralph Jones, two carpenters and two masons were also working on the house. Paul Hodgdon was injured when, because of a hidden defect in a closet floor, he fell from the second floor to the first floor. He claimed that notwithstanding the hidden defect, the injuries were caused by the defendants' failure to warn him of the prior removal of the first layer of flooring of the closet and of the ceiling in the area on the first floor beneath the closet. From a judgment for the defendants entered on the special verdict of the jury finding that neither defendant was negligent, the plaintiffs appeal.

II

The plaintiffs first seek vacation of the judgment contending that the court erred in refusing to disqualify two jurors for cause who acknowledged that they had some experience in the renovation of houses.[1] We disagree.

"The determination of the presiding justice that the juror remained impartial will stand unless it is clear to this court that no competent evidence supports that decision." *State v. Libby*, 485 A.2d 627, 629 (Me.1984). In reviewing the record, we give deference to the unique opportunity of the trial court to observe the demeanor of the juror. *Id.* at 629.

Here, the trial court carefully questioned each panel member with experience in the renovation of buildings as to his ability to put aside any special knowledge or experience when evaluating the evidence in this case. The court excused each member expressing any hesitancy or concern as to his ability to do so. The subject jurors assured the court that nothing in their past experiences would influence or affect them in any way. Although such assurance of disinterest is but one consideration, we find the trial court's determination that the jurors were impartial is supported by competent evidence. The trial court properly refused to disqualify the two jurors. *Id.* at 629–30.

The plaintiffs also contend that the trial court erred by excluding the plaintiffs' proffered expert testimony that a general contractor had the duty to supervise and coordinate all work being done in the process of renovation of the house and to warn workers in the house of any increased risk of injury that may have been caused by removal of the top flooring in the closet and the ceiling of the first floor area below the closet. We disagree. Determination of the admissibility of expert testimony is a preliminary question for the trial court and will not be reversed on appeal except for a clear abuse of discretion. *State v. Franklin*, 463 A.2d 749, 754 (Me.1983). Initially, the trial court in this case had to determine whether as a matter of law the duty of a homeowner was that of a general contractor or if the evidence would support a finding that either defend-

---

1. 14 M.R.S.A. § 1301 reads in full:

The court, on motion of either party in an action, may examine, on oath, any person called as a juror therein, whether he is related to either party, has given or formed an opinion or is sensible of any bias, prejudice or particular interest in the cause. If it appears from his answers or from any competent evidence that he does not stand indifferent in the cause another juror shall be called and placed in his stead.

ant had assumed the duties of a general contractor. The court properly found that the homeowner has no such duty as a matter of law. Here, it is undisputed that Edward Jones, the owner of the house, was a New York resident who had never worked on its renovation and had not hired a general contractor, but had entrusted the independent contractors to perform adequately the renovations without his day-to-day supervision. The house was unoccupied throughout the period of its renovation. Ralph Jones helped the carpenters to remove old materials from the house but had no authority to supervise the work or to engage or discharge the contractors. Neither of the defendants nor any of the contractors knew of the hidden defect in the closet floor. Accordingly, the trial court properly held that the evidence would not support a finding that either defendant had assumed the duties of a general contractor.

 The issue in this case was whether Edward Jones had complied with the duty of a possessor of land to one lawfully present on his property to use ordinary care to ensure that the premises were reasonably safe and guard against all reasonably foreseeable dangers, in light of the totality of the circumstances. *Baker v. Mid Maine Medical Center*, 499 A.2d 464, 467 (Me.1985). A general contractor's duty of care to his workmen and subcontractors was not relevant to the issue in this case. *See* M.R.Evid. 401 (defining relevant evidence) and 402 ("Evidence which is not relevant is not admissible."). Accordingly, the trial court properly excluded the proffered expert testimony.

We find no merit in the plaintiff's final contention that the trial court erred in its instructions and reinstruction to the jury. A party is not entitled to have a requested instruction given unless it is supported by the facts of the case. *Johnson v. Gerrish*, 518 A.2d 721, 724 (Me.1986); *Towle v. Aube*, 310 A.2d 259, 266 (Me.1973). The instructions proposed by the plaintiffs did not meet that test. Nor did the jury's request to the trial court to "outline the duties of a property owner" require that the court include all the instructions originally given to the jury. Plaintiffs make no claim, nor can they, that the court's denial of their request to do so in any way prejudiced the plaintiffs. *See Olsen v. French*, 456 A.2d 869, 877 (Me.1983) (when jury properly instructed on legal principle in case, amplification left to discretion of trial court); *Towle v. Aube*, 310 A.2d at 266 (party not entitled to have requested instruction given unless refusal to give it would be prejudicial). Accordingly, we hold that initially, and in response to the request of the jury, there was no error in the trial court's instruction to the jury.

The entry is:

Judgment affirmed.

All concurring.