**STATE of Maine**

v.

**Jeffrey ROBARDS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 2, 1993.

Decided April 12, 1993.

David W. Crook, Dist. Atty., Alan P. Kelley, Deputy Dist. Atty., Augusta, for the State.

Ronald W. Bishop, Levine & Bishop, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Jeffrey Robards appeals from the judgments entered in the Superior Court (Kennebec County, *Kravchuk, J.*) on jury verdicts convicting him of three counts of unlawful sexual contact with a minor in violation of 17–A M.R.S.A. § 255 (Supp.1992). We disagree with Robards' contention that the trial court erred in denying his motion for a mistrial and in excluding certain evidence from the trial. Accordingly, we affirm the judgments.

■ At the trial of the charges against Robards, a juror advised the trial court that he recognized the mother of the victim while she was testifying as a witness for the State. After an interview of this juror by the court and the parties out of the presence of other jurors, Robards unsuccessfully moved for a mistrial. The law is

well established that a person charged with a criminal offense has a constitutional right to "a fair trial by a disinterested jury, each member of which is free from bias and prejudice." *State v. Libby*, 485 A.2d 627, 629 (Me.1984). When a juror is familiar with a witness, the court must be satisfied with "the juror's ability to set aside whatever impressions or opinions [the juror] had of the witness and to participate in reaching a verdict based on the evidence and the law." *Id.* A "determination [by the trial court] that the juror remained impartial will stand unless it is clear to this court that no competent evidence supports that decision. In our review of a cold transcript, we must give due regard to the unique opportunity of the trial court to observe the demeanor of the juror." *Id.* (citations omitted).

Here, the record reflects that the juror was vaguely familiar with the witness from their place of employment. The juror, however, did not maintain a social relationship with the witness, had not worked closely with the witness, was unsure whether the witness was still employed by the same company as the juror, had been unaware of this prosecution prior to his service as a juror on the case, and assured the trial court that he could evaluate the evidence without prejudice. Accordingly, on this record we find no error in the trial court's denial of Robards' motion for a mistrial.

■ Robards also contends that the trial court erroneously excluded evidence of the content of a telephone call he received from the victim's mother prior to the initiation of these charges. Robards testified to the content of this call. Three other witnesses on Robards' behalf testified that at a time prior to the initiation of these charges Robards had seemed upset by what he said was a call from the victim's mother. Robards attempted to elicit further testimony from these witnesses concerning what he had told them about the content of this call. The trial court sustained the objection of the State that such evidence was hearsay and excluded it from the trial. M.R.Evid. 801 & 802.

Robards argues that because the testimony he attempted to adduce was a prior consistent statement, it falls within an exception to the hearsay rule. Prior consistent statements, however, are admissible only "to rebut an express or implied charge against [the declarant] of recent fabrication or improper influence or motive." M.R.Evid. 801(d)(1). The mere contradiction of a declarant's testimony by another witness does not constitute such a charge. Field & Murray, *Maine Evidence* § 801.4 at 305 (2d ed.1987). "Unless there is some kind of evidentiary basis for an argument of recent fabrication or motive, the mere repetition of prior consistent testimony is not permissible." *Id.* Since the State in this action did not suggest that the testimony of Robards was a recent fabrication, evidence of his statements to other persons concerning the content of the telephone call was properly excluded by the court.

The entry is:

Judgments affirmed.

All concurring.