## STATE of Maine

v.

## Milton THOMPSON.

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 13, 1996.
Decided May 21, 1997.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Diane Powers, Portland (for appeal only), for defendant.

LIPEZ, Justice.

[¶ 1] Milton Thompson appeals from the judgments entered in the Superior Court (Cumberland County, *Fritzsche, J.*) pursuant to the jury verdict finding him guilty of two counts of gross sexual misconduct (Class A),

17–A M.R.S.A. § 253 (Supp.1996), two counts of gross sexual assault (Class B), 17–A M.R.S.A. § 253(2)(H) (Supp.1996), and one count of unlawful sexual contact (Class C), 17–A M.R.S.A. § 255(1)(C) (Supp.1996). Contrary to Thompson's contentions, the evidence was sufficient to demonstrate beyond a reasonable doubt that the gross sexual misconduct charged in Count I and the unlawful sexual contact charged in Count II occurred within the six-year statute of limitations, 17–A M.R.S.A. §§ 8(2)(A), 8(6)(B) (Supp.1996); the court did not abuse its discretion in admitting evidence of his prior bad acts, M.R. Evid. 404(b), 403; and the court did not err in its instruction on the elements of unlawful sexual contact charged in Count II, 17–A M.R.S.A. § 255(1)(C). We therefore decline to vacate the convictions on Counts I, II, IV and V. However, as Thompson and the State agree, the evidence was insufficient to prove beyond a reasonable doubt that the gross sexual misconduct charged in Count III occurred within the six-year statute of limitations. Thus, we must vacate the conviction on Count III, direct the entry of a judgment of acquittal on that count, affirm the convictions on the other counts, and remand this matter to the Superior Court for resentencing.

## I

[¶ 2] In May 1994 complaints were filed against Thompson in the District Court (Bridgton), alleging gross sexual misconduct with his older daughter on or about May 4, 1988, to June 30, 1988, and unlawful sexual contact on or about May 4, 1988. In November 1994 Thompson was indicted by a Cumberland County grand jury on charges of gross sexual misconduct (Counts I and III), 17–A M.R.S.A. § 253, gross sexual assault (Counts IV and V), 17–A M.R.S.A. § 253(2)(H), and unlawful sexual contact (Count II), 17–A M.R.S.A. § 255(1)(C). Count I named his older daughter as the victim and alleged sexual misconduct with her "on or about the time period between and including the Fourth day of May and the Thirtieth day of June 1988"; Count II alleged that Thompson subjected his older daughter to sexual contact "on or about the Fourth day of May 1988"; Count III alleged gross sexual misconduct with his older daughter during a period from on or about November 14, 1988, to January 10, 1989; Counts IV and V alleged gross sexual assault against Thompson's younger daughter.[1] All of the counts alleged that the criminal activity occurred in Naples.

[¶ 3] At the trial the older daughter testified that the family moved to her grandmother's house in Naples when she was 12, at the end of her sixth-grade year. Thompson forced her to engage in anal intercourse there in May and June of 1988, three or four times a week, in the middle of the day. The older daughter also stated that between May 1988 and January 1989, prior to her fourteenth birthday,[2] Thompson touched her vagina with his hand at night in her bedroom in the Naples house. The older daughter also admitted that she originally told one of the police detectives that the abuse happened in the spring of 1988, that it was "the last" time she remembered her father touching her, and that she considered "spring" to be "March, April."

[¶ 4] Both daughters testified as to "prior bad acts" committed by Thompson. The older daughter testified that when she was 12 years old and living with her family in Norway, she asked her father to buy one of her favorite sandwiches and that he said he would if she would go out in the woods with him and sit on his face. She refused. A few days later she was at home sleeping in the

---

1. Counts IV and V allege that Thompson committed gross sexual assault against his younger daughter during a period "between and including the [sic] November 1992," and during a period "between and including the [sic] December 1992," respectively. The relevant statute states in pertinent part:
   A person is guilty of gross sexual assault if that person engages in a sexual act with another person and: ...

   H. The other person has not in fact attained the age of 18 years and the actor is a parent,....
   17–A M.R.S.A. § 253(2)(H). There is no statute of limitations issue in the charges involving the younger daughter.

2. The older daughter was born on January 11, 1975.

room she shared with one of her sisters. She awoke to find the radio in the room covered with a pillow and her father sitting at the end of her bed, removing her covers and her underwear, putting his face between her legs, and licking her vagina. The younger daughter testified that she remembered "things happening with her dad" starting when she was nine years old and they lived in Naples, and that she had more detailed memories of things that happened to her later, when they lived in South Paris, Norway, and Mechanic Falls (by which time she was 15 or 16), including Thompson touching and licking her vagina.

[¶ 5] The older daughter also testified on cross-examination about her differences with her parents over money. The State then asked about her father's unsolicited offers of money in exchange for sexual favors. The court allowed this testimony over Thompson's objections because he had raised the specter during cross-examination of the older daughter "that the charges are being fabricated by a vindictive daughter who is not getting adequate support for her post-secondary education."

[¶ 6] Thompson was convicted on all counts. This appeal followed.

## II

### Statute of Limitations

[¶ 7] Thompson appeals from his jury convictions on Counts I and III for gross sexual misconduct and on Count II for unlawful sexual contact, claiming that the evidence was insufficient to prove beyond a reasonable doubt that the offenses alleged occurred within the six-year statute of limitations. 17–A M.R.S.A. § 8(2)(A). Because "[i]t is a defense that prosecution was commenced after the expiration of the applicable period of limitations," 17–A M.R.S.A. § 8(1), the State is not required to negate the possibility that the offense was committed outside the statutory period "unless the existence of the defense ... is in issue as a result of evidence admitted at the trial which is sufficient to raise a reasonable doubt on the issue." 17–A M.R.S.A. § 101(1) (1983). The State must then "disprove its existence be-yond a reasonable doubt." *Id.*; *State v. Borucki,* 505 A.2d 89, 91 (Me.1986). Evidence sufficient to raise a reasonable doubt on an issue means evidence sufficient to make the existence of all the facts constituting the defense a reasonable hypothesis for the fact finder to entertain. *State v. Glidden,* 487 A.2d 642, 644 (Me.1985).

[¶ 8] A prosecution for a Class A, B or C crime must be commenced within six years after it is committed. 17–A M.R.S.A. § 8(2)(A). A prosecution is commenced whenever a criminal complaint is filed. 17–A M.R.S.A. § 8(6)(B). The two complaints that were filed against Thompson in the District Court on May 5, 1994 became the subjects of Counts I and II of the indictment. At the trial, the older daughter acknowledged that she wrote in a statement she sent to the police detectives that the relevant sexual abuse had occurred in the spring of 1988, and she testified further that "spring" is "March, April," a period outside the statute of limitations that began on May 5, 1988. However, her testimony about the conduct charged in both counts covered incidents falling both inside and outside the statute of limitations period.

[¶ 9] In response to a leading question asked by the State, without objection by Thompson, the older daughter testified that Thompson forced her to engage in anal sex three or four times a week during May and June of 1988 (conduct relevant to Count I). On redirect, the older daughter stated that the sexual abuse continued until she left for camp that summer after school was over in June, and responded "yes" to the question whether, of the types of sexual abuse to which she was subject, the anal sex was "some of the last stuff that happened?" The older daughter also testified, again in response to a leading question to which Thompson did not object, that between May 1988 and January 1989 Thompson touched her vagina with his hand (conduct relevant to Count II). After further questioning she said that her father's abuse went on at least until she moved from Naples to Norway in July 1988. Hence, the older daughter's testimony describes sustained periods of gross sexual misconduct and unlawful sexual con-

tact that occurred during parts of May and June—dates that are almost entirely within the statute of limitations period.[3]

[¶ 10] We also conclude, however, that the evidence adduced at the trial was insufficient to convict Thompson of the gross sexual misconduct charged in Count III, describing conduct that allegedly occurred in Naples between November 1988 and January 1989. The older daughter testified that she did not live in Naples after July 1988, and she only testified to gross sexual misconduct that occurred in Naples. The State agrees. We direct the entry of a judgment of acquittal on this count.

## Jury Instructions

[¶ 11] In appealing his conviction on Count II,[4] Thompson argues that the court erred in omitting from the jury instruction on unlawful sexual contact the phrase "other than as would constitute a sexual act."[5] *See* 17–A M.R.S.A. § 251(1)(D) (Supp.1996); *State v. Nickerson*, 534 A.2d 1323, 1324–25 (Me.1988) (vacating conviction due to trial court's failure to include "other than as would constitute a sexual act" in jury instruction on unlawful sexual contact).[6] Thompson asserts that because the jury heard evidence about the defendant's anal intercourse with the older daughter and was not instructed that sexual contact is defined as contact "other than as would constitute a sexual act," the jury could have convicted Thompson of unlawful sexual contact based on facts relating to the gross sexual misconduct.

[¶ 12] Because Thompson challenges this instruction for the first time on appeal, we review it in the context of the charge as a whole to determine whether the court committed obvious error. *State v. Mair*, 670 A.2d 910, 913 (Me.1996); *State v. Weisbrode*, 653 A.2d 411, 416–17 (Me.1995); M.R. Evid. 103(d); M.R.Crim.P. 52(b). We conclude that the court did not so err by instructing the jury on the elements of unlawful sexual contact. Even though the court omitted the words "other than as would constitute a sexual act" from its instructions, the balance of the charge—including the court's distinction between "sexual act" and "sexual contact," its definition of "sexual act," its specific statement that sexual contact "means any touching of her genitals for the purposes of arousing or gratifying sexual desire," and its instruction on the counts involving the younger daughter which also addressed the definition of "sexual act"—communicated to the jury that it could not use evidence of a sexual act to convict Thompson on the charge of unlawful sexual contact. In other words, the charge in its entirety made clear to the jurors the difference between the kind of conduct involved in a gross sexual assault and that involved in an unlawful sexual contact.

## Evidence of Prior Bad Acts

[¶ 13] Thompson contends that we should vacate his convictions on all five counts due to the court's error in admitting evidence of his prior bad acts. Although Thompson concedes that the court cautioned the jury that such evidence may be considered only for limited purposes,[7] and not to

---

3. In *State v. Borucki*, 505 A.2d 89, 91 (Me.1986), we held that testimony at the trial that the offenses occurred "in April" generated a reasonable doubt whether they occurred before a statutory deadline of April 3. As we noted, however, the victim in that case gave no testimony "specifying either a date or a range of dates" for the charged conduct's occurrence.

4. Given our decision to vacate the conviction on Count III for insufficient evidence, we decline to address Thompson's appeal of the conviction based on an allegedly erroneous jury instruction.

5. Thompson argues that the court also erred by omitting from its jury instruction the phrase "or for the purpose of causing bodily injury or offensive physical contact." However, such an omission only disadvantaged the State.

6. In *Nickerson*, however, we found that the court's omission of "other than as would constitute a sexual act" was reversible error because Nickerson was charged *only* with unlawful sexual contact and the evidence adduced at trial as to gross sexual misconduct therefore could have been misapplied by the jury to support the verdict on unlawful sexual contact. *State v. Nickerson*, 534 A.2d 1323, 1324–25 (Me.1988).

7. Thompson argues that the court's limiting instructions were defective in failing to remind the jury that prior bad act evidence involving the older daughter could not be considered in deliberating the charges involving the younger daughter, and vice versa. This proposition is simply incorrect, and therefore there was no need for such an instruction.

show the defendant's tendency to commit the charged crimes, Thompson argues that the danger of prejudice was heightened in this instance because the prior bad acts occurred outside the statute of limitations and may have led the jury to convict him on the basis of conduct that could not be the subject of criminal prosecution. Thompson also argues that the evidence was too vague to be useful for the allowable purposes relating to demonstration of the defendant's motive, intent, or opportunity, or the relationship of the parties. *See* M.R. Evid. 404(b).

[¶ 14] We review a court's decision to admit evidence pursuant to Rule 404(b) for clear error, and pursuant to Rule 403 for an abuse of discretion. *State v. DeMotte,* 669 A.2d 1331, 1335 (Me.1996); *State v. Joubert,* 603 A.2d 861, 865 (Me.1992). When no objection is preserved at the trial pursuant to M.R. Evid. 103(a), we review for obvious error affecting the defendant's substantial rights. *State v. Lambert,* 528 A.2d 890, 893 (Me.1987); M.R. Evid. 103(d); M.R.Crim.P. 52(b).

[¶ 15] We are mindful that the risk of unfair prejudice due to prior bad act evidence in a trial for sex offenses "is particularly great because of the general notion that sex offenders are more likely to be repeaters than persons committing other crimes." Field & Murray, *Maine Evidence* § 404.5 at 131 (4th ed. 1997). However, given the admission of some of this evidence by agreement of the parties,[8] its probative nature on

8. According to the State, the record that would clearly reflect the parties' agreement on the introduction of this evidence was not produced for this appeal. Nevertheless, the trial transcript demonstrates that Thompson and the State both agreed to the introduction of evidence about the incidents involving the sandwich and the covered radio. Defense counsel asserted, during a sidebar conference, that "we agreed we weren't going to go into all these specifics about the prior just to establish that it happened." Although this passage of the transcript could be construed otherwise if there were prior objections by Thompson to the introduction of this evidence, the transcript reveals no such objections.

9. Thompson did object at the trial to the State's questioning of the older daughter on redirect about his having offered her money in exchange for sexual activity after she had moved out of the family home. Because this objection was preserved at the trial, we review for harmless error.

such issues as opportunity and the relationship between the defendant and the victims, the court's limiting and curative instructions to the jury prior to its admission and within the final charge, and Thompson's failure to preserve an objection [9] to either the introduction of the evidence or to the court's limiting and curative instructions, we conclude that the court did not commit obvious error in admitting the evidence of Thompson's prior bad acts.

[¶ 16] The fact that some of the evidence of Thompson's prior bad acts concerned events outside the statute of limitations does not require a different result. *Henriksen v. Cameron,* 622 A.2d 1135, 1143 (Me.1993); *Caron v. Caron,* 577 A.2d 1178, 1180 (Me. 1990). The court addressed the potential for unfair prejudice by instructing the jury both prior to the testimony and as part of the jury charge that it could consider the evidence of prior bad acts for limited purposes only and that those prior bad acts were not among the five incidents charged. *See Henriksen,* 622 A.2d at 1143 (admitting evidence of assault beyond the statute of limitations period in an action for assault and battery not overly prejudicial "especially in light of the proper limiting instructions"); *see also State v. Bennett,* 658 A.2d 1058, 1063 (Me.1995) (jury is presumed to follow court's instructions absent evidence to the contrary).

The entry is:

*State v. Pelletier,* 673 A.2d 1327, 1330 (Me.1996); M.R.Evid. 103(d); M.R.Crim.P. 52(a). The court did not err in admitting this testimony because, as the court explained at the time, Thompson's cross-examination of the older daughter had elicited information about both solicited and unsolicited offers of money and gifts, and implied that she had fabricated the charges vindictively in retaliation for his being unwilling to give her the financial support she wanted for her post-secondary education. In addition, unlike the testimony in *State v. Finson,* 447 A.2d 788, 792–93 (Me.1982) (abuse of discretion where testimony did not relate to a consummated act but to defendant's musings on what he might have done sexually with the victim if she had been older), the older daughter's "sex-for-money" testimony does concern an actual event—Thompson's solicitation of his daughter—and therefore is probative of their relationship.

Judgments affirmed as to Counts I, II, IV and V. Judgment on Count III vacated. Remanded for the entry of a judgment of acquittal on Count III and for resentencing.

