STATE OF MAINE
OXFORD, ss.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 11 2000

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-99-02
EAG-OXF-5/9/2000

DALE COFFIN,

Plaintiff,

v.                                              · ORDER

LARIAT ASSOCIATES CORP., d/b/a/

JOHNSON MOBILE HOME PARK,

and RICHARD FOYE,

Defendants.



RECEIVED AND FILED
MAY - 9 2000
Donna L. He...
CLERK OF COURTS

Pending before the court is a motion for summary judgment, filed by defendants Lariat Associates Corp. (Lariat) and Richard Foye (Foye). Counsel for the parties appeared on May 5, 2000 to argue the motion. After a review of the supporting documents, and consideration of the arguments presented, the defendants' motion is granted, for the reasons stated below.

On March 11, 1996, Dale Coffin was employed by Brian's Mobile Home Transport. On that date, he and a co-employee went to the Johnson Mobile Home Park in Kittery, Maine to pick up a mobile home they were to transport to Brownfield, Maine. The mobile home had been prepared for shipping and transported to the Johnson Mobile Home Park by Roland A. Ricker. When Mr. Coffin and his co-employee arrived, Mr. Coffin began a series of tasks to attach the mobile home to the hauling vehicle. While he was doing so, the mobile home fell onto his right foot.

Mr. Coffin filed suit against Lariat, the owner of the mobile home park, and against Foye, the manager of the park. In addition, Mr. Coffin also sued two mobile home transport companies. The first was dismissed from the suit after it was determined that it had not moved this mobile home. Mr. Ricker was dismissed after it was determined that he had neither insurance coverage nor significant assets.

Foye was not present on the date Mr. Coffin was injured. Neither Foye nor any other Lariat employee assisted in the transport of the mobile home to the site, its placement, or its set up. The Plaintiff's allegation is that Foye and Lariat knew that the mobile home presented a danger, because it was not well stabilized on the site. The evidence presented in support of that contention is an affidavit from the plaintiff's private investigator, Joseph Laliberte. In that affidavit, Mr. Laliberte asserted that Foye had told him that the trailer did not look as though it had been left in a stable condition.

There is a factual dispute between the parties as to whether Foye believed that the mobile home was improperly set up. Foye testified that he had no experience setting up mobile homes, and had never trigged[1] one. Foye Dep. Tr. at 22. He further testified that the trailer looked stable before the accident, although he qualified his statement by noting that he was "no expert." Foye Dep. Tr. at 29.

When asked later about statements he might have made about a "Mickey

---

[1]"Trigging" appears to be the term used to describe the placement of cement blocks on either side of an axle to prevent side-to-side movement of a parked mobile home.

Mouse" set up, Foye testified that he had been speaking about the "setup where the guy got hurt." Foye Dep. Tr. at 31.

In deciding a motion for summary judgment, the court must review the admissible evidence in a light most favorable to the nonmoving party. Defendants have challenged the admissibility of Mr. Laliberte's testimony on a number of grounds.[2] That issue need not be decided here, as that question only becomes relevant if the defendants had some duty to warn Mr. Coffin. For purposes of this motion, the court will assume that Mr. Laliberte's testimony will be allowed as to both defendants.

Plaintiff argues that the holding in several land defect cases mandates a determination that there was such a duty, and cites two of the leading icy pavement cases, Isaacson v. Husson College, 297 A. 2d 98 (Me. 1972) and Poulin v. Colby College, 402 A. 2d 846 (Me. 1979). In Poulin, the Law Court held, for the first time, that landowners have the same duty of care in all circumstances to all persons lawfully on the land. In Isaacson, the Law Court held that, although a landowner does not guarantee safety to business invitees, he is under a legal obligation to use ordinary care to ensure that the premises are reasonably safe in light of the totality of circumstances.

---

[2] Defendants assert that Plaintiff failed to include Mr. Laliberte's name in his witness list, and further assert that his testimony would be hearsay. Plaintiff argues that Mr. Laliberte is a rebuttal witness who need not have been named, and that the statement would be admissible in court against both Foye and Lariat as an admission by a party, pursuant to Me. R. Evi. 801(d)(2). Assuming Mr. Laliberte were allowed to testify, Foye's statement could be admitted "against" him, as there is no requirement that the statement be one against interest. Whether Foye is an agent of Lariat is, however, another question.

3

In this case, however, the Plaintiff has not argued that the defendants' premises were unsafe. Rather, he asserts that something on the premises was unsafe: specifically, a mobile home waiting for transport.

In support of their position, defendants cite Hodgdon v. Jones, 538 A. 2d 281 (Me. 1988). In Hodgdon, the Law Court held that a homeowner could not be found liable for the injuries sustained by an electrician hired to perform renovations at the homeowner's property. Although the factual pattern is slightly different, the result must be the same. The only duty Foye and Lariat owed to plaintiff and to all other lawful visitors was the duty to maintain reasonably safe premises. Plaintiff has not alleged that there was anything unsafe about the property under the care and control of the defendants. If anything was unsafe, it was the trailer, which was not under the defendant's control. There was no duty to warn.

However, even if there was some obligation by the defendants to warn Mr. Coffin of some defect in the set up, and if Mr. Foye's statement was admissible against him and against Lariat, the plaintiff could not, as a matter of law, establish that their failure to bring the alleged defect to Mr. Coffin's attention was the proximate cause of his injuries. When asked at his deposition to explain what he thought had caused the accident, Mr. Coffin testified that, to the best of his recollection, there was no safety pier on the left side of the trailer. Coffin Dep. Tr. at 17, 18. Later, he testified that he believed that the accident occurred because the mobile home had also not been properly trigged to prevent the trailer from moving side to side. Coffin Dep. Tr. at 27. However, Mr. Coffin cannot testify that the left

4

side of the mobile home was not properly trigged, because he never looked. Coffin Dep. Tr. at 18.

Mr. Coffin testified that he placed one safety pier under the mobile home before he began his work, but did not place any trigs. Mr. Coffin was in the business of moving mobile homes. He knew that it was important for the mobile home to be stabilized both vertically with safety piers and horizontally with trigs. He knew - or should have known - how properly set up mobile homes looked. His testimony established that he only looked at the right side of the mobile home, leaving the examination of the left side to his co-employee. Coffin Dep. Tr. at 16, 17.

The only "defect" he can assert is the allegedly missing safety pier. Because he was aware of that problem before he began working on the mobile home, Mr. Coffin cannot establish that the alleged negligence of the defendants' failure to warn him of that same missing pier was a proximate cause of his injuries.

Although summary judgment is not favored in negligence cases, it is appropriate when, as here, the plaintiff is unable to establish any duty on the part of the defendant. The motion for summary judgment filed by defendants Lariat and Foye is granted.

This Order is to be incorporated into the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: May 9, 2000

_____
Ellen A. Gorman
Justice, Maine Superior Court